BEGG, Appellant, vs. ANDERSON and others, Respondents.

*September 24 — October 13, 1885.*

*Evidence: Equivocation in deed: Identity of grantee.*

A finding of the jury that the son, who was of the same name as his father, was the grantee named in a deed, is held to be sustained by the evidence.

APPEAL from the Circuit Court for *Waukesha* County.

Ejectment. A sufficient statement of the pleadings, showing the questions involved, will be found in the report of a former appeal in 56 Wis. 534. The defendant *Ann Adel Anderson* was formerly *Ann Adel Begg*, the widow of James Begg, Jr., deceased.

The plaintiff appeals from a judgment in favor of the defendants.

*D. H. Sumner*, for the appellant.

For the respondents there was a brief by *A. Cook* and *P. H. Carney*, attorneys, and *J. V. V. Platto*, of counsel, and oral argument by *Mr. Platto*.

COLE, C. J. The trial court submitted to the jury the question whether *James Begg*, the father, or James Begg, the son, was the grantee in the special guardian's deed dated January 6, 1866, and the jury in effect found that the son was the grantee. The learned counsel for the plaintiff insists that there is not a *scintilla* of proof to sustain that finding: therefore the circuit court should have granted the the motion to set aside the verdict on the ground that it was wholly unsupported by the evidence. If this position of counsel is sustained by the record, then surely the verdict should not stand. But we think counsel is mistaken in saying that there is no proof in the case which supports the verdict. On the contrary, it seems to us there are many facts and circumstances appearing in the evidence which sustain the finding of the jury.

This is not a question as to the preponderance of testimony, nor even whether we would have reached the same conclusion upon it that the jury did, but whether the verdict is so clearly against the weight of testimony and the probabilities of the transaction that a court would be justified in setting it aside. Now, it is undeniable that the son gave to the special guardian his notes and a mortgage on

the entire tract for the consideration named in this deed. That certainly is one circumstance which fairly tends to support the conclusion that the son was the grantee in that conveyance. Again, the son went into possession of the entire tract, cultivated and improved it, paid the taxes upon it, and treated it as his own property for several years. In the report of sale made by the special guardian to the probate court such guardian stated that he had entered into an agreement with James Begg, Jr., subject to the approval of that court, to sell the interest of his ward, Charles M. Halsey, to him upon the conditions named. It is also indisputable that the father presented a claim against his son's estate containing an item for $1,300, cash paid to the special guardian, January 6, 1866, at the request of his son.

These facts, and some others of less cogency tending to show that the son was the grantee in the deed, were before the jury for their consideration. It is certainly true that there was much countervailing testimony, but it is impossible to say that this evidence so strongly preponderates against the verdict as to warrant the court in disturbing it. Fair and reasonable men, considering and weighing all the evidence given on the trial, might arrive at different conclusions upon it. It may be true, as claimed by counsel, that the father paid most of the consideration for the entire tract of land. This fact is not entitled to any controlling weight in determining the question as to who was the grantee of the guardian's deed. The father may have intended this money thus paid as a gift to his son at the time. The evidence does not show that the father seriously asserted any claim to any portion of this land until after the death of his son. It is a fair inference from the testimony that he was willing to aid his son in procuring a farm, and this friendly disposition on his part affords a reasonable explanation of his conduct in consenting that the title should be conveyed to his son by this guardian's deed. At all events

the jury have found, upon sufficient evidence, that the son was the grantee in that deed, and this conclusion disposes of the case, even though the father paid most of the purchase money by taking up his son's notes.

Without dwelling longer upon the testimony, we think the judgment of the circuit court must be affirmed.

*By the Court.*— It is so ordered.