HAY, Respondent vs. WEBER, Appellant.

*April 11 — May 5, 1891.*

*Injunction: Nuisance.*

The owner of a city lot and of a building thereon which he occupies as a store, cannot maintain an action to enjoin the owner of an adjoining building from erecting on the front thereof two projecting or bay windows, which will extend into the street a distance of eighteen inches, on the ground that they are nuisances, and by obstructing the view to and from his store will specially damage his business; such damage being too remote and speculative to justify a private action.

APPEAL from the Circuit Court for *Winnebago* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that at the times mentioned and referred to, Main street, in the city of Oshkosh, ran north and south; that the plaintiff owned lot 5, block 2, subdivision of Jackson's replat, in the First ward of the city, upon which he had a two-story brick building, occupied by him as a hardware store, covering the full width of the lot, on the west side of said street, and fronting east, and flush with the west line of that street; that adjoining said lot on the north the defendant owned lot 4 in said subdivision, and had erected thereon a two-story brick building, the lower part of which was divided into three stores, each fronting to the east, and flush with the west line of said street, twenty feet in width, and that the middle one of said stores was, during the times named, occupied by Gustave and David Weber as a dry goods and millinery store; that about the middle of February, 1890, the defendant commenced the construction, upon the front of said store so occupied by the Webers, of two projecting or bay windows; that February 24, 1890, the plaintiff, as such lot-

owner and tax-payer in said city, commenced this action to enjoin the defendant from constructing said bay-windows, and his complaint herein, in addition to the facts stated, alleged that, when completed, said bay-windows would extend from eighteen to twenty inches into said Main street, and would be about ten feet high, and would obstruct the travel along, upon, and over said street, and obstruct the view of the plaintiff from his said store, and greatly injure and damage him, and that he would suffer special damage, in that they would shut off the view from his store, and greatly lessen the value of his property, to his irreparable damage, and to the nuisance to his property in the sum of $2,000; and prayed an injunction to restrain such construction, and thereupon obtained a temporary injunction; and, upon an order to show cause why the same should not be continued, it was made to appear by affidavits that it was customary in Oshkosh, and by the merchants upon said street, to display their goods outside of the line of their buildings on said street, in front of their stores, and on the sidewalk, to the extent of about three feet; and that said bay-window, when completed, would not extend into said street to exceed eighteen inches, and would in no way obstruct the travel on the sidewalk on the west side of said street; that February 11, 1890, the defendant petitioned the common council of Oshkosh for permission to construct said bay-windows as indicated; that said council thereupon referred the same to the mayor and the Main-Street committee, composed of three aldermen, with full power to act in the premises; that a meeting was called of said committee at the mayor's office, February 12, 1890, at 2 o'clock P. M.; that the mayor and one alderman and the defendant were all that were present at that meeting; that the mayor and alderman consented to such construction, and so informed the defendant, but it does not appear that a majority of the committee as a body acted upon the matter,

or that the common council acted thereon, otherwise than as stated; that it is conceded that, in October, 1885, the mayor and common council of the city adopted an ordinance which, among other things, provided, in effect, that ·it should be lawful for any person to use a portion of the sidewalk, not exceeding three feet in width, for the purpose of setting out and exhibiting goods, either by placing them on or suspending them over said sidewalk, but provided that no awning, clothing, or goods of any description, or other materials, should be so suspended within seven feet of said sidewalk, under a penalty named.  The affidavit, showing the adoption of such ordinance, is dated subsequent to the appeal herein, but counsel for the plaintiff consents that the same may be considered on this appeal.  Upon the hearing of the motion, it was ordered by the court, March 10, 1890, that said preliminary injunction be continued in full force and effect, and that the defendant be enjoined from constructing said bay-windows as indicated.  From that order the defendant brings this appeal.

For the appellant there was a brief by *Finch & Barber*, and oral argument by *F. Beglinger*.

For the respondent there was a brief by *Weisbrod, Thompson & Harshaw*, and oral argument by *A. E. Thompson*.  They contended that the complaint, by showing an injury which will be continuous, shows one that is irreparable, and the action will lie.  *Fraedrich v. Flieth*, 64 Wis. 184; *Denner v. C., M. & St. P. R. Co.* 57 id. 218.  Its allegations are sufficiently specific.  *Stadler v. Grieben*, 61 Wis. 500; *Pettibone v. Hamilton*, 40 id. 402.  The encroachment upon the street by such windows was a nuisance *per se*.  Wood on Nuisances, sec. 250; Angell on Highways, ch. 6; *State v. Atkinson*, 24 Vt. 448; *Comm. v. Blaisdell*, 107 Mass. 234; *Hyde v. Middlesex*, 68 id. 269; *Comm. v. King*, 54 id. 115; *Williams v. Smith*, 22 Wis. 402.

CASSODAY, J.  Under the settled law of this state, the defendant's ownership of the fee to lot 4, mentioned in the foregoing statement, extended to the center of Main street. Such title, however, was subject and subordinate to the right of the public to use the street for the ordinary purposes of travel. In other words, the primary object of a public street or sidewalk in a city is for public travel. *Jochem v. Robinson*, 66 Wis. 641. It is not to be inferred from this, however, that even the public have the right to require the municipality or the abutting lot-owner to keep the entire space, within the boundaries of a street, open, free, and safe for travel, but only such portions as have been used by the public for travel. *Fitzgerald v. Berlin*, 64 Wis. 207. When the defect or obstruction complained of is wholly outside of such portion so used by the public for travel, and not connected therewith so as to endanger the safety of such travel, there can be no recovery, notwithstanding the same was within the boundary lines of such street. *Ibid.;* Elliott, Roads & S. 455. It is undoubtedly true, as suggested by the learned authors cited, that cities have a wide discretion in determining how much of a highway shall be devoted to the use of horses and vehicles, and how much shall be given to the sidewalks, trees, gutters, and the like. Ibid. 456. Such use is ordinarily regulated by municipal ordinances, as it is conceded was done in Oshkosh. When such use is so regulated, and the abutting owner uses the same in accordance with such regulations, he is not, in the absence of negligence, liable for accidents resulting from such use; and in such case the burden of proof is not upon him to show the necessity of such use. *Denby v. Willer*, 59 Wis. 240; *S. C.* 6 Am. & Eng. Corp. Cas. 226. This court has held that an abutting lot-owner may construct vaults or other areas under the sidewalk, with openings in the walk, if this is done in such a manner as not to interfere with or endanger public travel. *Pap-*

*worth v. Milwaukee*, 64 Wis. 389. The same rule has been applied by other courts to a structure over a right of way. *Sutton v. Groll*, 42 N. J. Eq. 213; *Atkins v. Bordman*, 2 Met. 457; *Gerrish v. Shattuck*, 132 Mass. 235.

In the case at bar it is not the public, nor a traveler, nor the municipality, that is complaining of the structure in question, but an adjoining lot-owner abutting upon the same street. True, the complaint alleges that such bay-windows would obstruct travel upon the sidewalk, but it appears from the affidavits, and is very obvious, that they would not unreasonably obstruct such travel. Besides, that question is not here involved. The plaintiff makes no complaint of any injury sustained as a traveler. This being so, he is in no position to vicariously redress such public wrongs by private action. We have recently held that, to maintain a private action for a public nuisance, the injury sustained by the plaintiff must be such as not merely differs in degree, but in kind, from that which is sustained by the public. *Zettel v. West Bend, ante*, p. 316. The reasons for the rule, and the authorities in support of it, are there sufficiently stated. The bay-windows in question were only to extend out from the defendant's building a distance of eighteen inches. They could in no way prevent access to the plaintiff's store. They might prevent persons near the buildings on the sidewalk north of them from seeing the front of his store, or persons at his store from seeing the stores north of the bay-windows on the same side. It is claimed that such obstruction of vision interfered with and damaged the plaintiff's business. It is difficult to perceive how such obstruction could result in such damage, but, assuming that it would, yet such damage would be too remote and speculative to constitute the basis of a private action at law or in equity.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to dissolve the injunction, and for further proceedings according to law.