CEW MANAGEMENT CORPORATION, Plaintiff-Respondent, v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellant.

Supreme Court

*No. 76–347. Submitted on briefs November 29, 1978.— Decided May 1, 1979.*
(Also reported in 277 N.W.2d 766.)

[5] *See Gierach v. Snap-On Tools Corp.,* 79 Wis.2d 47, 255 N.W.2d 465 (1977).

For the appellant the cause was submitted on the brief of *James C. Alexander* and *Wightman, Thurow & Sauthoff* of Madison.

For the respondent the cause was submitted on the brief of *Donald B. Bruns* and *Riley & Bruns* of Madison.

HEFFERNAN, J.   This is an appeal from an order denying the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.   The complaint of CEW Management

Corporation is based upon the cause of action approved by this court by its mandate of December 20, 1974, in *State v. Deetz*, 66 Wis.2d 1, 224 N.W.2d 407 (1974). In that case this court overruled the "common enemy" doctrine and adopted the "reasonable use" rule in respect to surface waters. Under the rule of *Deetz*, taken substantially from sec. 822, Restatement 2d, *Torts* (Tentative Draft No. 17, 1971), one is subject to liability for a private nuisance if his conduct is a legal cause of an invasion of a private interest in land and the action is intentional and unreasonable or unintentional and otherwise actionable. The "common enemy" rule, which was abrogated by *Deetz*, gave the possessor of land " 'an unlimited and unrestricted legal privilege to deal with the surface water on his land as he pleases, regardless of the harm which he may thereby cause to others.' " *See*, *Deetz*, at 9. After determining that the "common enemy" rule no longer comported with societal standards of land use, we applied the "reasonable use" rule to the cause of action asserted in *Deetz*, and we stated:

"We conclude that the reasonable use rule, which we adopt herein, shall be prospective only and that conduct prior to the mandate of this case is immunized by the common enemy rule. While we adopt the reasonable use rule and make it applicable to the litigants herein, in respect to all others it is prospective only." (at 24)

The question posed on this appeal is whether, under the facts alleged, the defendant, First Federal Savings and Loan Association, is afforded immunity by the "common enemy" doctrine. The complaint alleges that, during the fall of 1974, prior to the mandate of *Deetz*, the defendant constructed a building on a small part of its property and stripped the remainder of vegetation. Plaintiff further alleges that, on several occasions during the summer of 1975, six months after the mandate in *Deetz*, rain water and soil ran off the defendant's property and onto the plaintiff's property causing extensive damage.

The complaint alleged that the runoff and resulting damage were "caused by the Defendant's creating a nuisance in stripping the vegetation from its land." There is a further allegation that the defendant has never "offered to alleviate the causes . . . of the above-described nuisance."

From the facts alleged in the complaint it is apparent that the action of the defendant in stripping the land of vegetation occurred prior to *Deetz,* but the runoff of water, which damaged the plaintiff's property, occurred following *Deetz* and after the abrogation of the "common enemy" doctrine.

Relying on the language of *Deetz,* the defendant claims he is immunized because, he asserts, the word, "conduct," refers to the act of the defendant in stripping the vegetation from the land. Because that act of stripping the vegetation from the land occurred in the fall of 1974, prior to the mandate of *State v. Deetz,* defendant claims immunity under the "common enemy" doctrine.

We conclude that the term, "conduct," as used in *Deetz* is not limited to the acts of the possessor of land which set the stage for a subsequent tortious invasion of another's property. The mere stripping of the land was not in itself a tort, even had it occurred subsequent to *Deetz.* While there might have been justifiable social reasons for stripping the land, the crux of the issue is whether, thereafter, reasonable effort was made to avoid the tortious invasion of another's property. In any tort, the tortfeasor's liability follows from either his act or a failure to act when he has a duty to do so.

In *Deetz* we did not refer to all of the interlocking sections of Restatement 2d, *Torts,* which are applicable where there is a claimed invasion of another's interest in the use and enjoyment of land. Comment *f* to sec. 822 of Restatement 2d, *Torts,* which section we specifically

adopted in *Deetz,* states that the type of conduct necessary to liability under sec. 822 is described in sec. 824. We did not specifically refer to sec. 824 in *Deetz,* but it is controlling in the determination of conduct that comes within the purview of sec. 822. Sec. 824, Restatement, *Torts* (1939), states:

"Sec. 824. **Type of Conduct Essential to Liability.**
"The conduct which is necessary to make the actor liable for an invasion of another's interest in the use and enjoyment of land under the rule stated in sec. 822 may consist either of
" (a) acts; or
" (b) a failure to act under circumstances in which the actor is under a duty to take positive action to prevent or abate the invasion of the other's interest."

Accordingly, "conduct," which was referred to in *Deetz,* embraced the failure to take action to prevent the invasion of the interest of another. As we interpret the plaintiff's complaint, it contains the allegation that the defendant failed to perform its duty of preventing the runoff of water onto the plaintiff's land. The failure to act to prevent the runoff, under the allegations of the complaint, occurred subsequent to *Deetz* and is, therefore, to be judged by the rule of reason adopted in *Deetz.*

We should also point out that *Deetz* was in part derived from the reasoning of a case that preceded it by a few months. *State v. Michels Pipeline Construction, Inc.,* 63 Wis.2d 278, 217 N.W.2d 339, 219 N.W.2d 308 (1974). In *Michels,* also, we made the reasonable-use rule involving subterranean percolating waters prospective only. Therein, in the opinion on rehearing, we stated that the new rule was to be applicable only to "causes of action arising on or after . . . the date of the filing of our original opinion." (at 303b) The prospectivity determination of *Michels* is the same as that in *Deetz.*

In each case the new rule is triggered whenever a new cause of action arises following the mandate of the case.

In the instant case, the conduct giving rise to the cause of action and the cause of action itself arose only when the defendant failed to prevent the deleterious runoff of surface waters. While the stripping of the land may have been antecedent to, and a predicate on which the eventual nuisance was based, the stripping of the land in itself did not constitute conduct giving rise to a cause of action. Only when the defendant's failure to contain the runoff caused injury to the plaintiff did the cause of action arise. This conduct—this failure to act—occurred after *Deetz* and, accordingly, is not immunized by the "common-enemy" doctrine.

We point out that this appeal is before us on a motion to dismiss for failure to state a claim on which relief can be granted. This motion, as we stated in *Anderson v. Continental Insurance Co.,* 85 Wis.2d 675, 271 N.W.2d 368 (1978), is equivalent to a demurrer under the old Rules of Civil Procedure. In addition, as we pointed out in *Anderson,* the sufficiency of a complaint is now tested not by whether there are allegations of ultimate facts which if proved will entitle the plaintiff to recover, but rather by whether the defendant has been given notice of the general nature of the plaintiff's claim. The particulars of the allegation may be determined by appropriate discovery proceedings. It is doubtful that the complaint in the instant case would have been sufficient under the ultimate-fact test. Under the new rules, however, it behooves the plaintiff to establish such facts at trial. On this appeal, however, we construe the complaint liberally for the purpose, if possible, of finding the statement of a claim upon which relief can be granted. Thus construing the complaint, we conclude that the plaintiff has alleged that the defendant failed to act under circumstances in which it had a duty to take positive action to

prevent the invasion of the plaintiff's property by the runoff of surface water. That conduct—that failure to act—was subsequent to the mandate in *Deetz*. A claim upon which relief can be granted has been stated in the complaint.

*By the Court.*—Order affirmed.