Suzanne SCHULTZ, Plaintiff-Respondent-Cross-Appellant,

v.

Barbara TRASCHER, Defendant-Appellant-Cross-Respondent.

Court of Appeals

*No. 00–3182. Submitted on briefs August 7, 2001.—Decided October 2, 2001.*

**2002 WI App 4**

(Also reported in 640 N.W.2d 130.)

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *Gaines Law Offices, S.C.* by *Irving D. Gaines*, Milwaukee.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *William E. Ryan*, Wauwatosa.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. WEDEMEYER, P.J.   Barbara Trascher appeals from a judgment entered following a court trial

dismissing Suzanne Schultz's claims for adverse possession and prescriptive easement, but concluding that the fence Trascher erected on her own property constituted a private nuisance. The trial court concluded that the placement of the fence unreasonably impaired Schultz's use and enjoyment of her garage. The trial court ordered Trascher to remove part of the fence she had erected. The trial court also ordered Schultz to pay costs associated with removal of the fence, but found that Schultz was the prevailing party, and ordered Trascher to pay costs accordingly. Schultz cross-appeals from that part of the judgment denying her claim for relief based on an easement by prescription.

¶ 2.   Trascher raises numerous points of trial court error, which we condense to three issues:   (1) whether the trial court erroneously exercised its discretion by *sua sponte* orally amending the claim for relief sought by Schultz; (2) whether the trial court record supported the conclusion that a private nuisance occurred; and (3) whether the trial court erroneously exercised its discretion in applying a remedy under WIS. STAT. § 844.01 (1999–2000).[1]

---

[1] WISCONSIN STAT. § 844.01 sets forth in pertinent part:

**Physical injury to, or interference with, real property. (1)** Any person owning or claiming an interest in real property may bring an action claiming physical injury to, or interference with, the property or the person's interest therein; the action may be to redress past injury, to restrain further injury, to abate the source of injury, or for other appropriate relief.

(2) Physical injury includes unprivileged intrusions and encroachments; the injury may be surface, subsurface or suprasurface; the injury may arise from activities on the plaintiff's property, or from activities outside the plaintiff's property which affect plaintiff's property.

¶ 3. By way of cross-appeal, Schultz claims the trial court erred as a matter of law in failing to conclude that there was sufficient evidence to entitle her to a prescriptive easement on the north side of Trascher's property.

¶ 4. Because the trial court did not erroneously exercise its discretion in orally amending the claim, in applying the doctrine of private nuisance, and in applying the remedial provisions of WIS. STAT. § 844.01, we affirm on the appeal. Because of this disposition, we need not address the cross-appeal. *Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed).[2]

---

**(3)** Interference with an interest is any activity other than physical injury which lessens the possibility of use or enjoyment of the interest.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] Trascher also asserts that Schultz's claims were frivolous, and that the trial court should not have made Trascher pay costs and fees. We summarily reject both claims. A claim is frivolous if there is no reasonable basis in law or equity, or was commenced for the sole purpose of harassment. WIS. STAT. § 814.025(3). That was not the case here. Schultz was unable to drive her car in or out of her garage as a result of Trascher's placement of the fence. The main purpose of Schultz's claim was to seek relief from the court so that she could do so. The trial court ruled in Schultz's favor. Accordingly, we cannot conclude that her claims against Trascher were frivolous. For similar reasons, we conclude that the trial court's award of costs and fees was not erroneous. Schultz was the prevailing party in that she received a ruling from the court, which would result in actions with the end result being that she could use her garage. *J.S. v. State*, 144 Wis. 2d 670, 679, 425 N.W.2d 15 (Ct. App. 1988) (a party has prevailed if he or she succeeds on any significant issue in litigation which achieves

727

## I. BACKGROUND

¶ 5. Schultz and Trascher are abutting property owners on the west side of the 2400 block of North 88th Street in Wauwatosa, Wisconsin. Schultz's residence is located immediately to the north. Schultz purchased her home from the Franson family on December 7, 1984. Franson had owned the property for thirty years. Trascher purchased her home in 1998.

---

some of the benefit sought by bringing suit). Accordingly, we reject Trascher's arguments on these issues.

In a different twist on the cost issue, Trascher makes a brief argument that her counterclaim was not appropriately addressed by the trial court, and requests that we grant her judgment on her counterclaim and order costs associated with the judgment to be paid by Schultz. We decline to do so. The counterclaim sought declaratory judgment to establish that Trascher was the legal owner of the strip of land over which Schultz sought adverse possession. The counterclaim also asked for a declaration that Trascher could erect and maintain her fence on such property. Although the trial court did not specifically address the "counterclaim," it did dispose of the issue in its decision. The decision dismissed Schultz's adverse possession claim, and noted that it is undisputed that the strip of land in question belongs to Trascher. Both surveys conducted by the parties confirmed this fact. The trial court's decision, however, ordered that part of the Trascher fence be removed because it prevents Schultz from using her garage. Accordingly, Trascher was partially successful in her counterclaim and partially unsuccessful. WISCONSIN STAT. § 814.035(2) provides the trial court with the discretion to determine what costs should be awarded when "the causes of action stated in the complaint and counterclaim . . . arose out of the same transaction or occurrence," as was the case here. The trial court fashioned a reasonable compromise given the undisputed facts. We cannot conclude that the trial court's decision on costs was an erroneous exercise of discretion.

728

¶ 6. At the center of the dispute between Schultz and Trascher is a driveway which runs in a westerly direction from North 88th Street between the two homes, and which originally provided access to a one-car backyard garage located on Schultz's property. Since at least 1954, the driveway consisted of two ribbon concrete strips, which started at the street and proceeded back to the one-car garage. In June 1985, Schultz had a solid concrete driveway poured to replace the two ribbon concrete strips.

¶ 7. Before the new driveway was poured, there was an unspecified number of concrete "patio blocks," 7 and 5/8 inches wide and 13 and 3/4 inches long, that had been installed along the south line of the south ribbon of the driveway near the garage. It is undisputed that the patio blocks rested on the Trascher property. It is also undisputed that the ribbon driveway encroached on the Trascher property by 1.2 inches. When Schultz installed the solid concrete drive, she ordered that the width of the drive extend beyond the south line of the south ribbon to include the width of the removed patio blocks, or 0.97 feet.

¶ 8. Shortly after Trascher moved into her new home, she sought to correct some drainage problems in her basement. This necessitated laying some concrete along the north side of her home. To prevent any property line problems, she obtained a 1996 survey performed by National Survey Service that had been commissioned by a previous owner. This survey indicated a slight encroachment of the south line of the old ribbon drive upon her property in the area between the two homes. This discovery precipitated the dispute with Schultz. At Trascher's request, a new survey by William H. Schmitt confirmed her earlier discovery, but also demonstrated a greater encroachment created by the

newer paved driveway. A survey later ordered by Schultz reached the same conclusion. When ensuing settlement discussions between Schultz and Trascher failed, Trascher removed that part of the encroachment caused by the paved driveway running from the sidewalk to the east line of her residence. She also erected a forty-eight-inch tall, chain-link fence within two inches of her north property line running from the east line of her residence to the west line of Schultz's garage. Schultz then commenced an action against Trascher asserting adverse possession over the encroached area.

¶ 9.  Trascher moved for summary judgment. In response, Schultz moved to amend her complaint. The trial court granted Trascher's motion, but also permitted Schultz to amend her complaint to allege a claim for prescriptive easement over the encroached area. The court then set the matter for a bench trial. Before the trial began, the court alerted the parties to the possible application of Wis. Stat. § 844.01. The court also viewed the premises and attempted to drive Schultz's car to her garage. After both parties rested, the court stated:

> I want each attorney to provide me with [] a legal memorandum as to the effect of Chapter 844. This is a trial to the Court. I think I have liberal ability to view the pleadings in this case, to include that statute as a statute which may apply in this case.

¶ 10.  Both parties complied with the trial court's request. The court rendered a written decision. It dismissed Schultz's prescriptive easement claim because there was no showing that the passage of a certain portion of Schultz's automobile and the automobile of her predecessor in interest over a portion of the northern edge of Trascher's property was "hostile." It concluded that the fundamental issue was Schultz's

claimed "inability to use her driveway (not her driveway and the current one foot encroachment) as a result of [Trascher's] placement of the [] fence." It further concluded: "Given the language of Wis. Stat. 802.09(2), the Court views the plaintiff's pleading as an action grounded upon common law nuisance." It then ordered that that portion of Trascher's fence along the northern boundary of Schultz's property interfering with Schultz's use of her driveway be taken down at Schultz's expense. The trial court also ruled that Schultz was the prevailing party and awarded costs and fees. Trascher now appeals.

## II. ANALYSIS

¶ 11.   Trascher raises three issues of trial court error:   (1) whether the trial court erroneously exercised its discretion by *sua sponte* amending the claim for relief sought by Schultz in the absence of a successful motion to amend her pleadings; (2) whether the evidence does not support the conclusion of a private nuisance; and (3) whether Schultz's amended complaint did not come within the purview of Wis. Stat. § 844.01.

*A. Sua Sponte Amendment of Pleadings.*

¶ 12.   Trascher first asserts the trial court erred by *sua sponte* amending the claim for relief sought by Schultz. As part of this claim, she contends she ought to have been granted an opportunity to address the oral amendment with additional evidence. We are left unconvinced.

¶ 13.   Material to Trascher's first claim of error is the application of Wis. Stat. § 802.09(2). The relevant part of the statute provides:

AMENDMENTS TO CONFORM TO THE EVIDENCE. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.

¶ 14.   A trial court may amend the pleadings on its own motion. *State v. Peterson*, 104 Wis. 2d 616, 628, 312 N.W.2d 784 (1981). In reviewing such actions by the trial court we apply an erroneous exercise of discretion standard of review. *John v. John*, 153 Wis. 2d 343, 365, 450 N.W.2d 795 (Ct. App. 1989). A trial court has broader discretion in amending pleadings in a civil action than when amending pleadings in a criminal action. *Peterson*, 104 Wis. 2d at 620. Appellate courts have allowed trial courts to informally amend the pleadings if the opposing party is not prejudiced by the amendment. *Sprecher v. Weston's Bar, Inc.*, 78 Wis. 2d 26, 49, 253 N.W.2d 493 (1977).

¶ 15.   In general, implied consent to amend pleadings is inferred when the party fails to object to the introduction of evidence on the unpleaded issue, and when the party who has not objected knows that the evidence relates to the unpleaded issue. Actual notice to the parties is the key factor in determining whether there is implied consent. *Peterson*, 104 Wis. 2d at 630. We conclude that the trial court did not erroneously exercise its discretion because implied consent occurred.

¶ 16.   Neither the complaint nor the amended complaint specifically denominated a claim for "private

nuisance" or a remedy under Wɪs. Sᴛᴀᴛ. § 844.01. Nor did either party move to amend or move to conform the pleadings to the proofs. Paragraph 9 of the complaint and amended complaint, however, alleges that the fence erected by Trascher has effectively denied ingress and egress to Schultz's garage. In the prayer for relief of both the complaint and the amended complaint, Schultz requests that the fence and posts be removed and, in both pleadings, additionally prays for "other just and equitable relief." Thus, the equitable relief sought by Schultz was not restricted in the original complaint by a claim for adverse possession and in the amended complaint by a claim for prescriptive easement.

¶ 17.    Before testimony was taken in the bench trial itself, the court indicated on the record that Wɪs. Sᴛᴀᴛ. § 844.01 had "some relevance to this case." In fact, at that juncture in the proceedings, the trial court read the contents of the statute to the parties. Furthermore, shortly before testimony was heard, the court stated:    "So after we listen to all the facts of this case, we may wind up, in addition to me traveling to the driveway, we may wind up having the lawyers give me some law on what that statute means."

¶ 18.    During the trial, a large measure of the testimony concentrated upon Schultz's inability to gain access to her garage because of the location of Trascher's newly constructed fence. When the trial judge visited the scene, the parties were present with their respective counsel. The trial court observed Schultz attempt to drive her 1996 Pontiac Grand Am west on her driveway. When the trial judge attempted to do the same, he stopped and exclaimed:    "I'm not going to try and drive that car further because I don't want to knock the fence down or hit the wall." The court found that Trascher's fence "prohibits" Schultz from driving

her vehicle on her driveway any distance west of the east face of Schultz's house.

¶ 19.   After the testimony was concluded, the court did indeed ask for memoranda of law relating to the application of WIS. STAT. § 844.01. At no time did either of the parties, and more particularly Trascher, object to the court's consideration of the application of § 844.01, or ask for a continuance to present additional evidence. There is no doubt that the court was focused upon the application of that statute.

¶ 20.   Trascher did not object to the focus of the trial court as "outside the four corners of the amended complaint." Likewise, she did not object to Schultz's evidence that use of her garage was prevented by the fence on the basis that such evidence was outside the four corners of the amended complaint. Because the parties were timely and repeatedly informed that the proceedings were equitable in nature and the court was considering the application of the equitable principles embodied in WIS. STAT. § 844.01, and because there were no objections or requests for a continuance to submit additional evidence, we conclude that implied consent occurred.

¶ 21.   Furthermore, because there has been no showing of prejudice to Trascher, the trial court did not erroneously exercise its discretion by *sua sponte* amending the pleadings to apply to the evidence before it, by utilizing the doctrine of private nuisance and invoking the remedies authorized by WIS. STAT. § 844.01.

*B. Sufficiency of the Evidence.*

██

¶ 22.   Trascher next complains that the evidence does not support the conclusion that a private nuisance occurred. We disagree.

¶ 23. In Wisconsin, a private nuisance is a continuing activity or condition which interferes with the use and enjoyment of neighboring property so unreasonably that liability results. Liability generally attaches only if the defendant's conduct is unreasonable under the circumstances. *Wisconsin Power & Light Co. v. Columbia County*, 3 Wis. 2d 1, 10, 87 N.W.2d 279 (1959). In *Prah v. Maretti*, 108 Wis. 2d 223, 321 N.W.2d 182 (1982), the supreme court engaged in a broad examination of the principles supporting the doctrine of private nuisance. The *Prah* court points out that "[i]n every case the court must make a comparative evaluation of the conflicting interests according to objective legal standards, and the gravity of the harm to the plaintiff must be weighed against the utility of the defendant's conduct." *Id.* at 231 n.5 (citation omitted).[3] It further noted that a private nuisance is:

> "a nontrespassory invasion of another's interest in the private use and enjoyment of land." The phrase "interest in the private use and enjoyment of land" . . . is broadly defined to include any disturbance of the enjoyment of property. . . .

---

[3] Trascher also argues that Schultz's contributory negligence exceeded any nuisance liability as a matter of law. She suggests that Schultz could have mitigated her damages by obtaining a survey before laying the new driveway, by consulting an attorney, or by moving the garage so that the fence would not obstruct access. We are not persuaded. As noted in the body of this opinion, all nuisance cases involve a balancing of competing interests, which is clearly demonstrated in the opinion of the trial court. The trial court compared the conflicting interests and reached a reasonable decision. Accordingly, we will not disturb that determination.

> " . . . 'Interest in use and enjoyment' also comprehends the pleasure, comfort and enjoyment that a person normally derives from the occupancy of land. Freedom from discomfort and annoyance while using land is often as important to a person as freedom from physical interruption with his use or freedom from detrimental change in the physical condition of the land itself."

*Id.* at 231–32 (citations omitted). After reviewing the testimony, most of which was uncontested, the trial court correctly observed that, "this court clearly has the authority to provide the plaintiff with relief if the facts warrant such relief." It found that Trascher's fence prevented Schultz from driving her vehicle on her driveway any distance west of the east face of her house. It further found that the fence unreasonably impaired Schultz's use and enjoyment of her property. From our review of the record, these findings are not clearly erroneous and provide sufficient support for the trial court's conclusion that Trascher's installation of the fence on her property created a private nuisance.

*C. Remedy.*

■■■

¶ 24. Lastly, Trascher contends the trial court erroneously exercised its discretion in the remedy it created under WIS. STAT. § 844.01. She contends that the statute is not applicable to the case. We disagree.

■■■

¶ 25. Chapter 844, entitled "Interference with Interest; Physical Injury," has received scant attention in Wisconsin case law. The reported decisions that do exist examine the statute only in a general way. Nonetheless, a reasonable reading of the section, "Physical injury to, or interference with real property," allows us to con-

736

clude that the intent of the statute is to provide protection from more than mere physical injury. From a reading of the statute's content, we deem that it enables the court to provide an equitable remedy. Thus, whether to award equitable relief under its provisions is within the court's discretion. *Prince v. Bryant*, 87 Wis. 2d 662, 674, 275 N.W.2d 676 (1979); *American Med. Servs., Inc. v. Mutual Fed. Sav. & Loan Ass'n*, 52 Wis. 2d 198, 205, 188 N.W.2d 529 (1971) (a trial court has power to apply and adapt remedy to meet needs of particular case).

¶ 26. *Prah* is the earliest supreme court decision mentioning WIS. STAT. § 844.01 as an alternative form of relief in these types of cases. The case involved a claim that the construction of a home by an abutting property owner would block the plaintiff's access to sunlight. *Prah*, 108 Wis. 2d at 224. The plaintiff presented three legal theories to support his claim to obtain an injunction: (1) the construction of the defendant's home constituted a common law private nuisance; (2) the construction of the home was prohibited by § 844.01; and (3) the construction interfered with the solar easement the plaintiff acquired under the doctrine of prior appropriation. *Prah*, 108 Wis. 2d at 229–30. Because the supreme court ruled that the plaintiff had stated a claim for common law nuisance and summary judgment was not appropriate under the circumstances, it did not reach the question of whether the complaint stated a claim under § 844.01. *Prah*, 108 Wis. 2d at 242–43. The case was remanded for further proceedings on the private nuisance claim. *Id.* at 243.

¶ 27. The next case to examine the statute was *Shanak v. City of Waupaca*, 185 Wis. 2d 568, 518 N.W.2d 310 (Ct. App. 1994). Shanak, the owner of a millpond that was used to create electrical power for his machine

shop, sought an injunction to stop the City of Waupaca from depositing materials via a storm sewer system into his millpond thereby reducing the pond's capacity to generate electricity. *Id.* at 577–78. Shanak contended that WIS. STAT. § 844.01 granted to any person claiming an interest in real property a basis for injunctive relief abating an interference with property rights of that person, and justified an injunction against further intrusions. *Shanak*, 185 Wis. 2d at 595. After tracing the history of the statute, we ruled that § 844.01 was enacted as a "recodification of the law on real property" and that it set forth "real property remedies obtainable by a lawsuit and the legal procedure to be used to obtain remedies." *Shanak*, 185 Wis. 2d at 596. We further ruled that § 844.01(1) does not create any rights or duties. *Shanak*, 185 Wis. 2d at 596. "It does not purport to create a cause of action." *Id.* "It is a remedial and procedural statute." *Id.* We, therefore, affirmed the trial court in denying the request for an injunction under the statute. *Id.* at 598–99.

¶ 28.   The most recent case discussing the scope of the statute is *Menick v. City of Menasha*, 200 Wis. 2d 737, 547 N.W.2d 778 (Ct. App. 1996). Menick brought an action against the City after raw sewage from the City's sewer system had twice flooded her basement. *Id.* at 741. Among the five theories pleaded to support the claim was an interference with real property under WIS. STAT. § 844.01 and private nuisance. *Id.* We sustained an order granting summary judgment on the asserted § 844.01 cause of action, affirming our earlier interpretation of the statute that it does not create a cause of action. *Menick*, 200 Wis. 2d at 746–47. We also affirmed the dismissal of the private nuisance action because of insufficient presentation of proofs. *Id.* at 748–49.

738

¶ 29.  As pertinent to our analysis in the instant case, the common element in all three of the reported cases was the unsuccessful attempt to base a cause of action upon WIS. STAT. § 844.01(1). Unlike the plaintiffs in these cases, Schultz did not allege such a claim. Rather, the trial court utilized § 844.01 to fashion an equitable remedy, after it had concluded that a private nuisance occurred.

¶ 30.  In a related argument, Trascher contends that WIS. STAT. § 844.10 precludes the trial court from concluding her forty-eight-inch fence could be considered a private nuisance.[4] We reject this proposition. Section 844.10 was enacted to overrule *Metzger v. Hochrein*, 107 Wis. 267, 83 N.W. 308 (1900), which upheld a landowner's right to erect a useless and unsightly sixteen-foot "spite" fence four feet from his neighbor's windows. *Id.* at 269. The statute specifically defined a spite fence as an actionable private nuisance. The statute's enactment was the beginning of a trend in our real property law to limit unbridled land use. In *State v. Deetz*, 66 Wis. 2d 1, 224 N.W.2d 407 (1974), this trend continued when the court rejected *per se* exclusions to the nuisance "reasonable use" doctrine. *Prah*, 108 Wis. 2d at 234–40. In essence, Trascher makes the following argument:  WIS. STAT. § 844.10 states that any fence which exceeds *six* feet and which is erected

---

[4] WISCONSIN STAT. § 844.10 provides:

**Private nuisances**. Any fence, hedge or other structure in the nature of a fence unnecessarily exceeding 6 feet in height, maliciously erected or maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance. However, nothing herein contained shall limit the right of a municipality to forbid the erection of a fence less than 6 feet in height.

spitefully "shall be deemed a private nuisance"; the Trascher fence was only *four* feet in height; therefore, it cannot be a private nuisance. To accept Trascher's argument of preclusion would be tantamount to reintroducing *per se* exclusions to the reasonable use doctrine for which we can find neither authority nor convincing reason.

¶ 31. Once a wrongful interference is established, "the court ha[s] the power to adapt its remedy to the exigencies and needs of the case." *Hunter v. McDonald*, 78 Wis. 2d 338, 346, 254 N.W.2d 282 (1977). Although no case law has specifically declared that a private nuisance and possible remedies authorized by Wis. Stat. § 844.01 are interrelated, equity would be ill-served if remedies could not be applied to a dispute that cries out for an equitable solution. The nature of a private nuisance and the remedies available under § 844.01 are not conceptually antithetical. We therefore conclude that any remedies fashioned under the provisions of § 844.01 may be applied to a private nuisance dispute if the circumstances warrant such an application. In the dispute between Schultz and Trascher, the circumstances were particularly appropriate for the statute's application. We conclude, based upon the record, that the trial court did not erroneously exercise its discretion in fashioning a § 844.01 remedy.

*By the Court.*—Judgment affirmed.

¶ 32. FINE, J. (*dissenting*). The Majority correctly concludes that the trial court attempted to invoke its equitable powers to remedy a situation that it observed personally when, without objection by any of the parties, it determined that it could not maneuver into Suzanne Schultz's garage. Normally, that would

end the matter, because whether to impose an equitable remedy is ordinarily within the trial court's discretion. Majority at ¶ 24. But a trial court erroneously exercises its discretion when it does something that is not consistent with established legal principles. *Lievrouw v. Roth*, 157 Wis. 2d 332, 348, 459 N.W.2d 850, 855 (Ct. App. 1990). Here, the trial court gave equitable relief to Schultz without first determining whether Schultz had "clean hands" in connection with her claim, *see* 27A AM. JUR. 2D *Equity* § 126 (1996) ("The equitable doctrine of clean hands expresses the principle that where a party comes into equity for relief he or she must show that his or her conduct has been fair, equitable, and honest as to the particular controversy in issue."), a doctrine that also applies to adjoining landowners who have disputes over alleged encroachments, 1 AM. JUR. 2D *Adjoining Landowners* § 137 (1994). Accordingly, the trial court erroneously exercised its discretion.

¶ 33.   If there was ever a case where a plaintiff seeking equity has come into court with dirty hands, this is it. Both parties, Schultz included after she did the survey to which the Majority refers in ¶ 8, knew that Schultz's driveway encroached on Barbara Trascher's property. Trascher was perfectly willing to permit that, as long as her acquiescence would not lead to a claim of adverse possession. Schultz, however, was adamant that *she* already had Trascher's property by adverse possession and refused to agree to permit Trascher to score in the concrete the survey-validated property line. It was only then, and on advice of counsel, that Trascher went to the expense and hassle of putting up the fence to cut off the claims of adverse possession that Schultz was admittedly harboring.

¶ 34.   A plaintiff may not get relief in equity if "it is the fruit of *his own* wrong, or relief from the

consequences of *his own* unlawful act, which the plaintiff seeks." *David Adler & Sons Co. v. Maglio*, 200 Wis. 153, 160, 228 N.W. 123, 126 (1929) (quoted source omitted). The "wrong" or "unlawful conduct," of course, need not be criminal. *Ibid.* As Robert Frost once wrote in *Mending Wall,* "good fences make good neighbors." If this is a "bad" fence, as the trial court found, then it is because Schultz was a bad neighbor. Her wrong gave birth to the fence. Accordingly, under established equitable principles, she has no right in equity to force its removal. I respectfully dissent.