Helen PRITCHARD, Mason Sproul and Stephan T. Tadevich, Plaintiffs-Appellants,†

v.

MADISON METROPOLITAN SCHOOL DISTRICT, Carol J. Carstensen in her official capacity as President of the Board of Education for the Madison Metropolitan School District, Defendant-Respondent,

MADISON TEACHERS, INC., Intervenor-Respondent.

Court of Appeals

*No. 00–0848. Submitted on briefs November 30, 2000.—Decided February 8, 2001.*

## 2001 WI App 62

(Also reported in 625 N.W.2d 613.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Daniel Kelly* of *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John E. Thiel* of *Godfrey & Kahn, S.C.*, Appleton

On behalf of the intervening defendant-respondent, the cause was submitted on the brief of *Lester A. Pines* and *Tamara B. Packard* of *Cullen, Weston, Pines & Bach*, Madison.

A nonparty brief was filed by *Christopher Krimmer, Esq.* of *AIDS Resource Center of Wisconsin*, Milwaukee, and *Patricia M. Logue, Esq.* and *Marvin C. Peguese, Esq.* of *Lambda Legal Defense and Education Fund, Inc.*, Chicago, Illinois, for defendants-respondents and intervenor-respondent.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. VERGERONT, J. This appeal concerns the statutory authority of the Madison Metropolitan School District (District) to expend funds to provide health insurance benefits to designated family partners of school district employees. Helen Pritchard, Mason Sproul, and Stephan Tadevich, all residents and taxpayers in the City of Madison, appeal the trial court's order deciding that the District does have the statutory authority and dismissing their complaint for declaratory and injunctive relief. They contend the trial court erred because WIS. STAT. § 66.185 (1997–98)[1] authorizes the District to provide health insurance benefits only to employees, officers and their spouses and dependant children, and no other statute authorizes the District to provide health insurance benefits to any other persons. We conclude § 66.185 does not prohibit the District from providing health insurance benefits to persons other than those specified in that statute. We also conclude the powers granted to the District in WIS. STAT. ch. 120, broadly construed as mandated by WIS. STAT. § 118.001, include the authority for the District to provide the benefits in question. We therefore affirm.

## BACKGROUND[2]

¶ 2. Section VII B of the Collective Bargaining Agreement between the District and Madison Teachers, Inc. (MTI) for the July 1, 1997-June 30, 1999 term provides that eligible teachers have the option of choosing health insurance coverage through Wisconsin Physicians Service, Dane County Health Maintenance

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] The parties stipulated to the relevant facts.

Program (WPS), or Group Health Cooperative Health Maintenance Organization (GHC). A teacher covered by the contract may register for health insurance benefits either as an individual or as a family. Family coverage includes either (a) the employee, the employee's spouse, and dependent children, or (b) the employee, the employee's designated family partner, and their dependent children. The contract establishes the criteria for qualification as a designated family partner.[3]

---

[3] The criteria for a DFP (designated family partner) are:

Criteria:  Health Benefits to Designated Family Partners: `

- Participants must be in a committed relationship (relationship of mutual support, caring and commitment and intend to remain in such a relationship in the immediate future)
- Registration of designated family partner with employer
- Each registrant must be 18 years of age or older
- Registrants must not be married or legally separated in marriage, and must not have been a party to an action or proceeding for divorce or annulment within six months of registration, or if one has been married, at least six months have lapsed, since the date of the judgment terminating the marriage
- Competent to contract
- Neither partner is currently registered in another designated partnership, and if either party had been in such a registered relationship, at least six (6) months have lapsed since the effective date of termination of that registered relationship
- A participant may be registered in only one such partnership at a time  ·
- There may be no blood ties closer than that permitted for marriage, for one to qualify for designated family partners registration
- Designated family partners must live together to qualify for this benefit (i.e., occupy the same dwelling unit as a single non-profit housekeeping unit and have a relationship which is of permanent and domestic character)

¶ 3. In excess of thirty of the District's teachers have registered and received health insurance benefits for their designated family partners under these provisions. For WPS coverage, the teachers pay 10% of the monthly premiums and the District pays 90% of the monthly premiums; for GHC coverage, the District pays 100%. The District pays its contribution toward the health insurance premiums mandated by the contract directly to either WPS or GHC, depending on the employee's election.

¶ 4. The Collective Bargaining Agreement between the District and MTI, which went into effect on July 1, 1999, continues these provisions unaltered.

¶ 5. The complaint in this action seeks a declaration that the contract provisions are "ultra virus" because the District has no statutory authority to pay for health insurance benefits for unmarried partners of school district employees.[4] They also seek an injunction prohibiting the District from using public funds to pay for health insurance benefits for unmarried partners of school district employees. MTI was permitted to intervene by stipulation. Based on the parties' stipulation of facts, the trial court made these conclusions of law: (1) the powers of the District to operate schools under WIS. STAT. §§ 120.44, 120.13 and 118.001 are broad in their expression and are to be broadly construed; (2) WIS. STAT. § 66.185 does not prohibit the District from providing health care coverage to desig-

---

- Relationship must not be merely temporary, social, political, commercial or economonic (sic) in nature, i.e., there must be mutual financial interdependency

Collective Bargaining Agreement, Addendum E–1 at 135.

[4] Carol Carstensen, in her official capacity as president of the Board of Education for the Madison Metropolitan School District, was named as a defendant in addition to the District.

nated family partners; and (3) the benefits provided are wages, which the District has the express authority under WIS. STAT. §§ 111.70(1)(a) and 118.21(1) to negotiate and to pay. Accordingly, the court denied the request for declaratory and injunctive relief and dismissed the complaint.

## DISCUSSION

¶ 6. On appeal, the plaintiffs contend the trial court erred in interpreting WIS. STAT. § 66.185, which, they assert, authorizes the District to provide health insurance benefits only to employees, officers, and their spouses and dependant children. According to the plaintiffs, that statute is a limitation on the District's authority that is not erased or overridden by the more general provisions relating to the District's authority in WIS. STAT. chs. 118 and 120 or by the Municipal Employment Relations Act (MERA). The District and MTI respond that § 66.185 does not prohibit the District from exercising the authority it has under other statutes to provide health insurance benefits to persons not enumerated in § 66.185.

¶ 7. The construction of statutes and their application to a particular set of facts is a question of law, which we review de novo. *State v. Isaac J.R.*, 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998). However, despite our de novo standard of review, we benefit from this trial court's analysis. *Id.*

¶ 8. The aim of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself. *Id.* If the words of the statute convey the legislative intent, that ends our inquiry; we do not look beyond the plain language of a statute to search for other meanings, but simply apply

the language to the facts before us. *Id.* at 255–56. It is only when the language of the statute is ambiguous that we examine the scope, history, context, subject matter, and the object of the statute in order to ascertain the intent of the legislature. *Id.* at 256. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *Id.* Whether a statute is ambiguous is a question of law. *Awve v. Physicians Ins. Co.*, 181 Wis. 2d 815, 822, 512 N.W.2d 216 (Ct. App. 1994).

¶ 9.   WISCONSIN STAT. § 66.185 provides:

> Hospital, accident and life insurance. Nothing in the statutes shall be construed to limit the authority of the state or municipalities, as defined in s. 345.05,[5] to provide for the payment of premiums for hospital, surgical and other health and accident insurance and life insurance for employes and officers and their spouses and dependent children, and such authority is hereby granted. A municipality may also provide for the payment of premiums for hospital and surgical care for its retired employes. In addition, a municipality may, by ordinance or resolution, elect to offer to all of its employes a health care coverage plan through a program offered by the group insurance board under ch. 40. Municipalities which elect to participate under s. 40.51 (7) shall be subject to the applicable sections of ch. 40 instead of this section. (Footnote added.)

■

¶ 10.   The dispute between the parties on the meaning of WIS. STAT. § 66.185 appears to be not over what it expressly authorizes the District to do, but over

---

[5] There is no dispute that the District is a municipality as defined in WIS. STAT. § 345.05.

whether that express authority limits the reach of other statutes. We agree with the plaintiffs that the plain language of this statute grants the authority to the District to provide for the payment of health insurance premiums to only those classes of persons listed there. However, we also conclude that the plain language of § 66.185 does not prohibit the District from providing health insurance benefits to other persons, if that authority is granted by other statutes. We therefore examine the other statutes that, according to the District and MTI, do provide this authority and then examine the relationship between § 66.185 and these statutes.[6]

---

[6] The plaintiffs argue that because WIS. STAT. § 66.185 also authorizes a municipality "by ordinance or resolution [to] elect to offer to all of its employes a health care coverage plan through a program offered by the group insurance board under Ch. 40," we should look to the definition of "dependants" in WIS. STAT. § 40.02(20) as an indication that the legislature intended to prohibit school districts from offering health care benefits to any other classes of persons. Section 40.02 provides:

> (2)  "Additional contribution" means any contribution made by or on behalf of a participant to the retirement system other than employe and employer required contributions.
> (2m)  "Alternate payee" means a former spouse of a participant who is named in a qualified domestic relations order as having a right to receive a portion of the benefits of the participant.

However, the health insurance plans at issue in this case are not WIS. STAT. ch. 40 plans, and we agree with the District and MTI that there is no indication that the legislature intended that the definition of dependants in § 40.02(20) or in the rules promulgated by the Department of Employee Trust Funds pursuant to that section are applicable to the plans at issue in this case.

¶ 11. WISCONSIN STAT. § 120.44(1) provides that a unified school district[7] has "the power to sue and be sued, to levy and collect taxes, to acquire, hold and dispose of property and to do all other things reasonable for the performance of its functions in operating a system of public education." Under WIS. STAT. §§ 120.44(2) and 120.12(1), the management and control of the District is vested in the school board. WISCONSIN STAT. § 120.13 provides the school board "may do all things reasonable to promote the cause of education, including establishing, providing and improving school district programs, functions and activities for the benefit of pupils"; and this includes "spend[ing] money as needed to meet the immediate expenses of operating and maintaining the public instruction in the school district," § 120.13(33). In addition, WIS. STAT. § 118.001 provides:

> Duties and powers of school boards; construction of statutes. The statutory duties and powers of school boards shall be broadly construed to authorize any school board action that is within the comprehensive meaning of the terms of the duties and powers, if the action is not prohibited by the laws of the federal government or of this state.

¶ 12. The plaintiffs contend that, according to the rule of statutory construction "expressio unius est exclusio alterius," these statutory provisions do not give authority for the District to provide health insurance benefits to classes of persons not specified in WIS. STAT. § 66.185. Under that rule, the enumeration of specific alternatives in a statute shows a legislative

---

[7] There is no dispute that the Madison Metropolitan School District is a unified school district.

intent that any alternative not specifically enumerated is to be excluded. *C.A.K. v. State*, 154 Wis. 2d 612, 621, 453 N.W.2d 897 (1990). Accordingly, the plaintiffs argue, the listing of specific classes of persons in § 66.185 is an indication of legislative intent that the District may not provide health insurance benefits to other classes of persons, and they rely on the legislative history of § 66.185 to support this argument.[8] They also assert that, as a statute specifically addressed to the District's authority to provide health insurance benefits, § 66.185 takes precedence over the statutes addressing the District's authority in more general terms.

¶ 13.   We do not find the rule of "expressio unius est exclusio alterius" applicable in this context. When we consider statutes that, though related, were not enacted at the same time such that we can say they were intended as a comprehensive scheme, the fact that the older statute specifically lists certain powers does not necessarily mean the legislature intended a broadly worded, later enacted statute be thus limited. *See Columbia Hosp. Ass'n v. City of Milwaukee*, 35 Wis. 2d 660, 669, 151 N.W.2d 750 (1967). Rather, before we apply the rule, we must have some evidence the legislature intended its application. *Id.* We see no such

---

[8] The plaintiffs may have meant that we should apply the "expressio unius est exclusio alterius" rule, in construing the language of Wis. Stat. § 66.185, when considering it in isolation. However, in that context, this rule adds nothing to our duty to apply the language of the statute as written when it is not ambiguous: as we have stated above, § 66.185 grants express authority to the District to provide health insurance benefits only to the classes of persons there specified.

evidence here, even considering the sequence of legislative enactments on which the plaintiffs rely.

¶ 14.   The predecessor to WIS. STAT. § 66.185, WIS. STAT. § 66.18(2) (1951), gave cities and villages the authority to provide health insurance to employees and officers.[9] In 1955 it was renumbered and amended to cover "municipalities as defined in s. 85.095," rather than simply "cities and villages," and the language "and such authority is hereby granted" was added.[10] In 1959 "and their spouses and dependent children" was added to the "employees and officers."[11] WISCONSIN STAT. § 118.001 was created by 1995 Wis. Act 27, § 3931, and that same act amended WIS. STAT. § 120.13 to add the language "all things reasonable to promote the cause of education, including establishing, providing and improving school district programs, functions and activities for the benefit of pupils."[12] We do not agree with the plaintiffs that the 1959 amendment to § 66.185 shows an intent to limit the broad authority the legislature gave to districts in 1995. Rather, the later enactment demonstrates the legislature's decision to give school districts broad powers and wide discretion in exercising those broad powers.

¶ 15.   We also do not agree with the plaintiffs that WIS. STAT. § 66.185 limits the statutes giving broad powers to school districts because it is the more specific statute. The rule of statutory construction that a more specific statute controls when there is a conflict with a more general statute applies only when there is truly a

---

[9] Laws of 1951, ch. 374.

[10] Laws of 1955, ch. 313.

[11] Laws of 1959, ch. 179.

[12] 1995 Wis. Act 27, § 4024.

conflict. *Jones v. State*, 226 Wis. 2d 565, 575–76, 594 N.W.2d 738 (1999), *cert. denied.* Conflicts between statutes are not favored, and courts are to harmonize statutes to avoid conflicts when a reasonable construction of the statutes permits that. *Id.* at 576. We conclude there is no conflict between § 66.185 on the one hand, and WIS. STAT. §§ 118.001, 120.13 and 120.44 on the other hand. The former grants authority to all municipalities, including school districts, to provide health insurance benefits to specified classes of persons, but does not prohibit municipalities from providing those benefits to other classes of persons. The latter statutes grant authority to school districts and school boards that is broad enough to include the authority to provide those benefits to other classes of persons. The fact that there is some overlap does not mean there is a conflict.

¶ 16.   We conclude the powers granted to the District under WIS. STAT. ch. 120, broadly construed as mandated by WIS. STAT. § 118.001, include the power to provide health insurance benefits to designated family partners, and there is no statutory prohibition against providing these benefits to these persons. We need not decide whether these benefits are "wages" within the meaning of MERA and thus a mandatory subject of bargaining because, even if they are not "wages," there is no prohibition against the District entering into a collective bargaining agreement to provide these benefits.

¶ 17.   In addition to their arguments on statutory construction, the plaintiffs contend the provision of health insurance benefits to designated family partners is against Wisconsin public policy. We agree with

the trial court that it is not the role of the trial court, just as it is not the role of this court, to weigh the social and political policy implications of the manner in which the District has chosen to exercise the powers granted it by the legislature. We therefore do not discuss the policy arguments.

*By the Court.*—Order affirmed.