MADISON METROPOLITAN SCHOOL DISTRICT,
Petitioner-Appellant,

JOSHUA S., Petitioner,

v.

Elizabeth BURMASTER, State Superintendent of
Public Instruction, Respondent-Respondent.

Court of Appeals

*No. 2005AP875. Submitted on briefs October 11, 2005.
—Decided December 15, 2005.*

2006 WI App 17

(Also reported in 709 N.W.2d 73.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *David E. Rohrer, Lathrop & Clark LLP*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Thomas J. Balistreri, asst. attorney general*, and *Peggy A. Lautenschlager, attorney general*.

Before Dykman, Vergeront and Deininger, JJ.

¶ 1. VERGERONT, J. Madison Metropolitan School District challenges the decision of the Wisconsin Superintendent of the Department of Public Instruction reversing the District's decision to expel a pupil, Joshua S. The Superintendent concluded that the District did not have the statutory authority to expel Joshua after the hearing officer appointed pursuant to

Wıs. Stat. § 120.13(1)(e)[1] to hear expulsion cases decided not to order expulsion. The circuit court affirmed the Superintendent's decision and the District appeals.

¶ 2. We conclude that the only reasonable construction of Wıs. Stat. § 120.13(1)(e)3. is that, if a school district elects to have a hearing officer conduct an expulsion hearing, the district must comply with the procedures specified in that paragraph. Because para. (e)3. provides for review by the board of a hearing officer's decision only if the officer has ordered expulsion, the board did not have the authority to review and reverse the hearing officer's decision not to order Joshua's expulsion. We therefore affirm the circuit court order affirming the Superintendent's decision.

## BACKGROUND

I. Summary of Wıs. Stat. § 120.13(1), "School government rules; suspension; expulsion"

¶ 3. Because the statutory framework regarding pupil expulsion is fundamental to understanding the procedural history of this case, we begin there. Wisconsin Stat. § 120.13(1) requires school boards to adopt codes of conduct meeting certain standards. Section 120.13(1)(c)1.-2. authorizes a school board to expel a pupil when it finds the pupil's conduct has met specified criteria.[2] Section 120.13(1)(c)3. provides that "[p]rior to expelling a pupil, the school board shall hold a hearing," and the remainder of subds. 3. and 4. specify the

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Wisconsin Stat. § 120.13(1)(c)1.-2. provides:

(1) School government rules; suspension; expulsion.

. . . .

procedure to be followed for that hearing, as well as the procedure for appealing the board's decision to the Department of Public Instruction and appealing the department's decision to the circuit court.[3]

(c) 1. The school board may expel a pupil from school whenever it finds the pupil guilty of repeated refusal or neglect to obey the rules, or finds that a pupil knowingly conveyed or caused to be conveyed any threat or false information concerning an attempt or alleged attempt being·made or to be made to destroy any school property by means of explosives, or finds that the pupil engaged in conduct while at school or while under the supervision of a school authority which endangered the property, health or safety of others, or finds that a pupil while not at school or while not under the supervision of a school authority engaged in conduct which endangered the property, health or safety of others at school or under the supervision of a school authority or endangered the property, health or safety of any employee or school board member of the school district in which the pupil is enrolled, and is satisfied that the interest of the school demands the pupil's expulsion. In this subdivision, conduct that endangers a person or property includes making a threat to the health or safety of a person or making a threat to damage property.

2. In addition to the grounds for expulsion under subd. 1., the school board may expel from school a pupil who is at least 16 years old if the school board finds that the pupil repeatedly engaged in conduct while at school or while under the supervision of a school authority that disrupted the ability of school authorities to maintain order or an educational atmosphere at school or at an activity supervised by a school authority and that such conduct does not constitute grounds for expulsion under subd. 1., and is satisfied that the interest of the school demands the pupil's expulsion.

[3] WISCONSIN STAT. § 120.13(1)(c)3.-4. provides:

3. Prior to expelling a pupil, the school board shall hold a hearing. Upon request of the pupil and, if the pupil is a minor, the pupil's parent or guardian, the hearing shall be closed. The pupil and, if the pupil is a minor, the pupil's parent or guardian may be represented at the hearing by counsel. The school board shall keep written minutes of the hearing. Upon the ordering by the school board of the expulsion of a pupil, the school district clerk shall mail a copy of the order to the pupil and, if the pupil is a minor, to the

775

¶ 4. WISCONSIN STAT. § 120.13(1)(e)1. provides that a school board may by resolution and on certain conditions authorize either an independent hearing panel or an independent hearing officer "to determine pupil

pupil's parent or guardian. The expelled pupil or, if the pupil is a minor, the pupil's parent or guardian may appeal the expulsion to the state superintendent. If the school board's decision is appealed to the state superintendent, within 60 days after the date on which the state superintendent receives the appeal, the state superintendent shall review the decision and shall, upon review, approve, reverse or modify the decision. The decision of the school board shall be enforced while the state superintendent reviews the decision. An appeal from the decision of the state superintendent may be taken within 30 days to the circuit court of the county in which the school is located.

4. Not less than 5 days' written notice of the hearing under subd. 3. shall be sent to the pupil and, if the pupil is a minor, to the pupil's parent or guardian. The notice shall state all of the following:

a. The specific grounds, under subd. 1., 2. or 2m., and the particulars of the pupil's alleged conduct upon which the expulsion proceeding is based.

b. The time and place of the hearing.

c. That the hearing may result in the pupil's expulsion.

d. That, upon request of the pupil and, if the pupil is a minor, the pupil's parent or guardian, the hearing shall be closed.

e. That the pupil and, if the pupil is a minor, the pupil's parent or guardian may be represented at the hearing by counsel.

f. That the school board shall keep written minutes of the hearing.

g. That if the school board orders the expulsion of the pupil the school district clerk shall mail a copy of the order to the pupil and, if the pupil is a minor, to the pupil's parent or guardian.

h. That if the pupil is expelled by the school board the expelled pupil or, if the pupil is a minor, the pupil's parent or guardian may appeal the school board's decision to the department.

776

expulsion . . . instead of using the procedure under par. (c)3." Subdivision 120.13(1)(e)3. prescribes the requirements for a hearing before the officer or panel in language substantially the same as that required for a hearing before the board under § 120.13(1)(c)3. and then provides:

Upon the ordering by the hearing officer or panel of the expulsion of a pupil, the school district shall mail a copy of the order to the school board, the pupil and, if the pupil is a minor, the pupil's parent or guardian. Within 30 days after the date on which the order is issued, the school board shall review the expulsion order and shall, upon review, approve, reverse or modify the order. The order of the hearing officer or panel shall be enforced while the school board reviews the order. The expelled pupil or, if the pupil is a minor, the pupil's parent or guardian may appeal the school board's decision to the state superintendent. If the school board's decision is appealed to the state superintendent, within 60 days after the date on which the state superintendent receives the appeal, the state superintendent shall review the decision and shall, upon review, approve, reverse or modify the decision. The decision of the school board shall be enforced while the state superintendent reviews the decision . . .

i. That if the school board's decision is appealed to the department, within 60 days after the date on which the department receives the appeal, the department shall review the decision and shall, upon review, approve, reverse or modify the decision.

j. That the decision of the school board shall be enforced while the department reviews the school board's decision.

k. That an appeal from the decision of the department may be taken within 30 days to the circuit court for the county in which the school is located.

L. That the state statutes related to pupil expulsion are ss. 119.25 and 120.13 (1).

¶ 5. Additional procedures for the hearing before the officer or panel and for appeals are set forth in Wis. Stat. § 120.13(1)(e)4. and essentially track those for hearings before the board as set forth in § 120.13(1)(c)4., with these additions and modifications relevant to this appeal:

> 4. Not less than 5 days' written notice of the hearing under subd. 3. shall be sent to the pupil and, if the pupil is a minor, to the pupil's parent or guardian. The notice shall state all of the following:
>
> . . . .
>
> g. That if the hearing officer or panel orders the expulsion of the pupil the school district shall mail a copy of the order to the school board, the pupil and, if the pupil is a minor, to the pupil's parent or guardian.
>
> h. That within 30 days of the issuance of an expulsion order the school board shall review the order and shall, upon review, approve, reverse or modify the order.
>
> i. That, if the pupil is expelled by the hearing officer or panel, the order of the hearing officer or panel shall be enforced while the school board reviews the order.
>
> . . . .

## II. Factual and Procedural Background

¶ 6. Joshua, a sixth grader, was charged by the District with violating district policy by possessing an object that might be used as a weapon—a pencil—and by using it to stab a fellow pupil in the arm on school property. After a hearing on the charges took place before a hearing officer, the officer concluded that Joshua had violated district policy by stabbing another pupil with a pencil, but that the interest of the school

did not require Joshua's expulsion. The officer's decision stated that Joshua was a young sixth grader who was an honor pupil, was remorseful about what happened, had no prior infractions, had not been disciplined before and said he would continue in counseling. Also, several professionals testified that he posed no future risk to the school community. The five-day suspension that Joshua had already received, the officer concluded, was adequate punishment in light of these factors. The officer entered an order that Joshua not be expelled.

¶ 7. The district board of education reviewed the hearing officer's decision.[4] Joshua was invited to submit written comments to the board but was not invited to attend the closed executive session. In addition to the hearing officer's decision and documentation, the board had before it a memorandum from the district administrator to the board setting forth the administration's position that the board should order expulsion despite the hearing officer's decision. Joshua was not given a copy of this memorandum prior to the board's review and decision. The board reversed the hearing officer's decision and ordered that, effective on that date, May 17, 2004, Joshua be expelled until the beginning of the second semester of the 2004–05 academic year, with provisions for earlier admittance to an alternative or regular educational program on certain conditions.

¶ 8. Joshua appealed the board's decision to the Superintendent. The Superintendent concluded that three procedural errors required reversal of the expulsion order. First, the board had not adopted a resolution

---

[4] The procedural facts of what took place before the board are taken from the decision of the Superintendent and there is no dispute over them.

as required by WIS. STAT. § 120.13(1)(e) if a board uses an independent hearing officer to hear expulsion cases rather than itself hearing the cases under § 120.13(1)(c)3. Second, the Superintendent ruled, the board did not have the statutory authority to review the decision of the hearing officer because § 120.13(1)(e)3. permitted a school board that has appointed an independent hearing officer to review only orders expelling a pupil. Third, the Superintendent determined that the board meeting was more than a review because the board considered the additional information of the district administrator's memorandum, and this violated paras. (e)3. and (c)3., which together provide for a hearing before either an independent hearing officer or the board, but not both. The Superintendent rejected the board's argument that under WIS. STAT. §§ 120.13 (intro), 120.12, and 118.001, the board's "plenary powers" included the authority to review the hearing officer's decision.[5]

---

[5] The Superintendent also pointed out that the board had not adopted the "plenary powers" that "may" grant the board the authority to modify the specific statutorily required procedures for expulsion. In a footnote the Superintendent stated that this statement was not intended to convey that the board could avoid those statutory requirements by adopting "plenary powers" under WIS. STAT. § 120.13 (intro.). The District argues in a footnote that neither *Pritchard v. Madison Metropolitan School District*, 2001 WI App 62, ¶ 14, 242 Wis. 2d 301, 625 N.W.2d 613 nor WIS. STAT. § 118.001 mention any need to specifically adopt "plenary powers." The Superintendent does not respond to this argument and does not refer to the board's failure to adopt "plenary powers" as a reason to affirm the Superintendent's decision. Therefore, we do not address this issue.

The Superintendent took up two additional issues, which, it concluded, did not require reversal. First, the Superintendent criticized the board's procedure of considering the

¶ 9. The District petitioned the circuit court for review of the Superintendent's decision and the circuit court affirmed. The circuit court concluded that under the plain language of WIS. STAT. § 120.13(1)(e)3. the board did not have the authority to review the decision of the hearing officer.

## ANALYSIS

¶ 10. The District argues on appeal, as it did before the Superintendent and in the circuit court, that WIS. STAT. § 120.13(1)(e) does not prohibit the board from reviewing and reversing the hearing officer's decision and that it has this authority under the language of WIS. STAT. § 120.12(1) in view of the expanded powers given the school board under WIS. STAT. § 118.001 and, independently, under the introductory language of § 120.13.

¶ 11. We review the decision of the Superintendent, not that of the circuit court, and our standard of review is the same as that of the circuit court. *See Target Stores v. LIRC*, 217 Wis. 2d 1, 11, 576 N.W.2d 545 (Ct. App. 1998). The issue presented is one of statutory construction, which is a question of law. *Kannenberg v. LIRC*, 213 Wis. 2d 373, 384, 571 N.W.2d 165 (Ct. App. 1997). Although courts are not bound by an agency's construction of a statute, we may give varying degrees of deference to the agency's construction in certain situations. *Id.* at 384–85.

administrator's memorandum without first providing it to Joshua, but decided that this was not a violation of his right to due process because the memorandum contained no new information. Second, the Superintendent rejected Joshua's argument that the board did not consider his argument that he was acting in self-defense.

¶ 12. The parties dispute whether we should defer to the agency, and, if so, how much. The Superintendent argues that we should accord its construction of the board's statutory authority great weight, while the board argues we should accord it no deference and review de novo the issue of the proper construction of the statutes. We conclude that it is unnecessary to resolve this dispute because, even if we review the issue de novo, our conclusion is that the Superintendent's construction was correct, though we employ a somewhat different analysis.

¶ 13. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.*, ¶ 46. We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.*, ¶ 48. If, employing these principles, the meaning of the statute is plain, then we apply that language to the facts at hand. *Id.*, ¶¶ 45–50.

¶ 14. In this case, we begin with the language of Wis. Stat. § 120.13(1)(e)3., which specifies the procedure to be used when a school board elects to use a hearing officer to conduct the hearing required under § 120.13(1)(c) rather than conducting the hearing it-

self.[6] After describing requirements for the hearing, this subdivision states: "Upon the ordering by the hearing officer or panel of the expulsion of a pupil, the school district shall mail a copy of the order to the school board, the pupil and, if the pupil is a minor, the pupil's parent or guardian." Section 120.13(1)(e)3. This notice is plainly required only when the officer orders expulsion. The next sentence, which describes the school board's authority, plainly refers only to an order to expel: "Within 30 days after the date on which the order is issued, the school board *shall review the expulsion order* and shall, upon review, approve, reverse or modify the order." *Id.* (emphasis added). The next sentence is consistent with the board's review of only expulsion orders: "The order of the hearing officer . . . shall be enforced while the school board reviews the order." *Id.* If the officer had not ordered expulsion, there would be nothing to enforce. We conclude the plain language of § 120.13(1)(e)3. provides for a review by the school board only when the hearing officer orders expulsion.

¶ 15. The District argues that Wis. Stat. § 120.13(1)(e)3. requires review by the school board only when the hearing officer orders an expulsion and is silent on review by the board when the hearing officer does not order an expulsion. According to the District, mandating review for expulsion orders does not prohibit review of decisions not to expel, and nothing in § 120.13(1)(e) or (c) prohibits this. The District asserts that it is therefore proper to look at other statutes that

---

[6] The Superintendent is not arguing on appeal that reversal of the board's order to expel is required because the District did not adopt a resolution, as required by Wis. Stat. § 120.13(1)(e)1., authorizing a hearing officer to conduct the hearing. Therefore, we do not address this issue.

describe the duties and powers of school boards in broad language, and these, in the District's view, do authorize school boards to review hearing officers' decisions not to expel, even though there is no mention of this in § 120.13(1)(e).

¶ 16. The District first directs our attention to Wis. Stat. § 120.12(1), which provides that a school board shall:

> (1) . . . .[s]ubject to the authority vested in the annual meeting and to the authority and possession specifically given to other school district officers, have the possession, care, control and management of the property and affairs of the school district, except for property of the school district used for public library purposes under s. 43.52.

The District contends that the phrase "care, control, and management of the property and affairs of the school district" encompasses review of a hearing officer's decision not to expel a pupil. The District first acknowledges that case law has in the past construed the statutory authority of school boards under the enumerated powers doctrine, whereby the powers were limited to those expressly conferred by statute or necessarily implied. *See, e.g., Iverson v. Union Free High Sch. Dist.*, 186 Wis. 342, 353, 202 N.W. 788 (1925). However, the District continues, the legislature plainly adopted a different approach in Wis. Stat. § 118.001. Section 118.001 was enacted by 1995 Wis. Act 27, § 3931, which provides:

> Section 3931. 118.001 of the statutes is created to read:
>
> 118.001 Duties and powers of school boards; construction of statutes. The statutory duties and powers of school boards shall be broadly construed to

authorize any school board action that is within the comprehensive meaning of the terms of the duties and powers, if the action is not prohibited by the laws of the federal government or of this state.

According to the District, when § 120.12(1) is read in light of § 118.001, the former must be read to include the authority of the school board to review a hearing officer's decision not to expel a pupil, even though it is not expressly referred to in Wis. Stat. § 120.13(1)(e)3.

¶ 17. The District also relies on the introductory language to Wis. Stat. § 120.13, which is titled "School board powers":

> The school board of a common or union high school district may do all things reasonable to promote the cause of education, including establishing, providing and improving school district programs, functions and activities for the benefit of pupils, and including all of the following[.]

This language was added to § 120.13 by 1995 Wis. Act 27, § 4024, after § 120.13(1)(e) was enacted. The District describes this language as an "independent delegation of statutory authority" that makes all the provisions in § 120.13(1)-(35) illustrations of a school board's authority rather than an exhaustive list. Thus, asserts the District, a school board has the authority to review hearing officers' decisions not to expel a pupil even though that is not mentioned in § 120.13(1)(e)3. because that statutory provision is illustrative only and such a reviewing role is "reasonable to promote the cause of education." Section 120.13 (intro).

¶ 18. We agree with the District that the enactment of Wis. Stat. §§ 118.001 and 120.13 (intro) expresses the legislature's intent to give school boards broader powers and wide discretion in exercising those

785

powers. *Pritchard v. Madison Metro. Sch. Dist.*, 2001
WI App 62, ¶ 14, 242 Wis. 2d 301, 625 N.W.2d 613.
However, we do not agree that those statutes mean
that, where the legislature had previously authorized
the board to take particular actions using specified
procedures, as it did in § 120.13(1)(e)3., the board now
has the authority to follow other procedures in taking
those particular actions.

¶ 19. WISCONSIN STAT. § 120.13(1)(c) and (e) give
the school board the authority to expel a pupil when
specific substantive standards are met and specific pro-
cedures have been followed. Part of the specified proce-
dure is that, if the school board adopts a resolution
allowing a hearing officer to conduct a hearing, the
school board reviews all orders to expel a pupil. Section
120.13(1)(e)3. The manner of giving notice to the pupil
about this procedure—and about the school board's
authority to review and reverse, modify or affirm the
officer's decision—is carefully spelled out. *See*
§ 120.13(1)(e)4.g.-i. The legislature's "silence" on school
board review of a hearing officer's decision not to expel
cannot be reasonably understood to mean that such
review is optional, because there are no concomitant
procedural safeguards for the pupil in that situation. For
example, there is a time limit for the school board's
review of the expulsion order, but that does not, by the
plain language, apply to the board's review of a decision
not to expel. Section 120.13(1)(e)3. There is a require-
ment of notice to a pupil that the board will review an
expulsion order and either approve, reverse or modify
the order, § 120.13(1)(e)4.h., but there is no requirement
of notice to a pupil that the school board will also review
a decision not to expel and may reverse that. A primary
purpose of the procedures specified in § 120.13(1)(e)3.
and 4., evident from the text, is to provide safeguards

for a pupil against whom a school district initiates expulsion proceedings. The legislature could not have intended to afford procedural protections to pupils for school board review of an unfavorable decision but leave it up to each school board to decide on the procedure if a board chooses to review decisions favorable to the pupil.

¶ 20. The logic of the District's decision makes much of Wɪs. Sᴛᴀᴛ. § 120.13(1) meaningless. For example, subd. (c)1. provides that the "school board may expel a pupil from school whenever it finds" that the pupil's conduct meets certain criteria. *See supra* note 2. However, adopting the District's position would mean that this is simply illustrative of reasons the school board may expel a pupil and the board is free to suspend pupils for other reasons. This is not a reasonable reading of § 120.13(1), and it is not required by the introductory language of § 120.13. Rather, the introductory language, when read in the context of the rest of § 120.13, can only reasonably mean that, while school boards have powers beyond those enumerated in subsecs. (1)-(37), they do not have the power to violate the provisions of subsecs. (1)-(37). Given the specificity with which the legislature has expressed the substantive and procedural requirements for expelling a pupil in § 120.13(1)(c)-(g), the only reasonable reading of those subsections is that the legislature intended to prohibit expulsions that did not conform with the statutory requirements. Thus, the introductory language of § 120.13 does not give boards the power to expel a pupil using other standards or procedures.

¶ 21. For much the same reason, the board's powers of "care, control, and management of the property and affairs of the school district" found in Wɪs. Sᴛᴀᴛ. § 120.12(1), even when considered in light of the prin-

ciples of broad statutory construction in WIS. STAT. § 118.001, cannot reasonably be read to permit a school board to expel a pupil using standards or procedures other than those specified in WIS. STAT. § 120.13(1)(c)-(g).

¶ 22. The District argues that our decision in *Pritchard*, 242 Wis. 2d 301, supports its position, but we do not agree. The statute that was challenged unsuccessfully in *Pritchard* as a limitation on the District's authority is not analogous to WIS. STAT. § 120.13(1)(c)-(g). That statute, WIS. STAT. § 66.185 (1997–98), was amended by 1959 Wis. Laws, ch. 179, to give municipalities, which includes school districts, the authority to provide health insurance benefits to the spouses and dependant children of their employees and officers. *Id.*, ¶¶ 9, 14. We concluded § 66.185 does not prohibit the District from providing health insurance benefits to other persons, if that authority is granted by other statutes. *Id.*, ¶ 10. We further concluded that the powers granted the District under § 120.13 (intro) and other provisions in ch. 120, broadly construed as mandated by WIS. STAT. § 118.001, include the power to provide health insurance benefits to designated family partners of employees. *Id.*, ¶¶ 15–16. In contrast to our construction of § 66.185, here we have concluded that § 120.13(1)(c)-(g) plainly expresses the legislature's intent that a school board may expel a pupil only if it applies the standards and procedures specified in those subdivisions.

¶ 23. In summary, we conclude that the only reasonable construction of WIS. STAT. § 120.13(1)(e)3. is that, if a school district elects to have a hearing officer conduct an expulsion hearing, the district must comply with the procedures specified in that paragraph. The broad grant of powers given school boards in WIS. STAT.

788

§§ 120.12(1) and 120.13 (intro), even when liberally construed as mandated by WIS. STAT. § 118.001, cannot, when read together with § 120.13(1)(c)-(g), be reasonably read to give school boards the authority to expel a pupil using standards or procedures that do not meet the requirements of § 120.13(1)(c)-(g). Because para. (e)3. provides for review by the board of a hearing officer's decision only if the officer has ordered expulsion, the board here did not have the authority to review and reverse the hearing officer's decision not to order Joshua's expulsion.

*By the Court.*—Order affirmed.