COURT OF APPEALS
DECISION
DATED AND FILED

August 4, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP242**

STATE OF WISCONSIN

Cir. Ct. No. **2017CV338**

IN COURT OF APPEALS
DISTRICT III

SHAUN KOENIG,

  PLAINTIFF-APPELLANT,

 V.

TIMOTHY N. ALDRICH, JEFFREY D. ALDRICH, DONALD ALDRICH AND
DALE ALDRICH,

  DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Eau Claire County:
JON M. THEISEN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Shaun Koenig appeals an order concluding that he trespassed on land owned by Dale Aldrich, Donald Aldrich, Jeffrey Aldrich, and Timothy Aldrich (collectively, "the Aldriches"), and that the removal of a fence erected by the Aldriches was not warranted.   Koenig argues there should be a trespass exception for his intrusion into the immediate airspace above the Aldriches' property.   Koenig also contends the circuit court erred by concluding that an L-shaped fence that the Aldriches erected along the corner of Koenig's property did not constitute a nuisance pursuant to WIS. STAT. § 844.10 (2017-18),[1] thus requiring its removal.   We reject Koenig's arguments and affirm the order.

## BACKGROUND

¶2     Koenig owns a parcel of property that checkerboards with three other parcels—in other words, the parcels are four squares with corners that meet at a point.   The parcel with the corner diagonal to Koenig's parcel is county-owned public land, and the other two adjacent parcels are owned by the Aldriches.   Koenig enjoys the legal use of his parcel and has the right, as do all members of the public, to use the public parcel diagonal to his own parcel.   It is undisputed that Koenig can access the public land by going around the Aldriches' property.   However, he opted to access the public land in an apparently more convenient way, by stepping directly from his property onto the county-owned property.   It is undisputed that in order to corner-cross from his property to the county's property, part of Koenig's body enters the airspace above the Aldriches' property.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3      The Aldriches erected an approximately eight-foot-high, L-shaped fence extending approximately ten feet in both directions at the subject corner. Koenig filed the underlying action seeking both removal of what he alleged was a "private nuisance" fence that leaned onto his property and creation of a permanent easement allowing him to directly access the county land from his own. The Aldriches counterclaimed and, as relevant to this appeal, sought to restrain Koenig from trespassing on their property.[2]

¶4      The circuit court determined that Koenig could not cross at the corner of the properties without trespassing. Although the court determined that the fence was not a nuisance, it found that the fence trespassed onto Koenig's property. The court did not order removal of the fence but, rather, ordered the Aldriches to straighten any encroaching portion of the fence. The Aldriches subsequently straightened the fence and reduced its height to six feet. Koenig now appeals.

## DISCUSSION

¶5      Koenig argues that the circuit court erred by concluding that stepping over, but not on, the Aldriches' property constitutes a trespass. "One is subject to liability to another for trespass, irrespective of whether he [or she] thereby causes harm to any legally protected interest of the other, if he [or she] intentionally enters land in the possession of the other, or causes a thing or a third person to do so." *Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶40,

---

[2] The Aldriches' counterclaim additionally alleged that Koenig removed over thirty trees from their property. They consequently sought judgment for the value of the timber removed, together with statutory penalties. The parties stipulated to settle the timber trespass claim for $535.12, and the circuit court entered judgment for the Aldriches in that amount.

3

328 Wis. 2d 436, 787 N.W.2d 6 (quoting RESTATEMENT (SECOND) OF TORTS § 158 at 277 (AM. LAW INST. 1965)). "An owner's right in property, when unrestricted, extends not only downward under the surface to an unlimited extent, but also upwards[.]" *Piper v. Ekern*, 180 Wis. 586, 592, 194 N.W. 159 (1923).

¶6 Specifically, with regard to Koenig's "stepping over" contention, WIS. STAT. § 114.03 governs "[l]andowner's rights skyward," and it provides: "The ownership of the space above the lands and waters of this state is declared to be vested in the several owners of the surface beneath, subject to the right of flight described in s. 114.04 [regarding the flying and landing of aircraft or spacecraft]." Koenig does not dispute that part of his body intrudes into the airspace above Aldriches' property. He instead argues that his brief intrusion into the air above their property should constitute an exception to § 114.03, along the same lines of § 114.04. The construction of a statute and its application to a set of facts are questions of law that we review de novo. *Pritchard v. Madison Metro. Sch. Dist.*, 2001 WI App 62, ¶7, 242 Wis. 2d 301, 625 N.W.2d 613.

¶7 Wisconsin's legislature has addressed landowner's rights skyward in a way that is consistent with the RESTATEMENT (SECOND) OF TORTS § 159 (AM. LAW INST. 1965), which discusses the issue of actionable trespass "upon, beneath or above the surface of the earth." A comment to that section notes that "an unprivileged intrusion into the space above the surface of the earth, at whatever height above the surface, is a trespass." *Id.*, cmt. f. The temporary invasion of an aircraft, however, is privileged unless "(a) it enters the immediate reaches of the air space next to the land, and (b) it interferes substantially with the [landowner]'s use and enjoyment of his [or her] land." *Id.*, subsec. (2). The RESTATEMENT provides the following illustrations of trespass:

1. A erects a house on the border of his [or her] land. The eaves of the roof overhang B's land. A is a trespasser.

2. A strings a telephone wire across a corner of B's land. Although no telephone poles are placed on B's land, this is a trespass.

3. A extends his [or her] arm over the boundary fence between A's land and B's land. A is a trespasser.

4. A, while hunting birds on a public pond, fires shot across B's land close to the surface. The shot do not come to rest on B's land, but fall into another public body of water on the other side of it. A is a trespasser.

*Id.*, cmt. f.

¶8      These illustrations—especially the third illustration—apply directly to the instant case. Therefore, we are not persuaded that the WIS. STAT. § 114.04 exception for aircraft should apply to Koenig's intrusion into the airspace over the Aldriches' property. To the extent Koenig cites federal regulations on operating limitations for drones, *see* 14 C.F.R. § 107.51 (2016), drones are more akin to aircraft than to the physical intrusion immediately over another's property by a human body.

¶9      Citing *Leipske v. Guenther*, 7 Wis. 2d 86, 96 N.W.2d 774 (1959), Koenig nevertheless contends that our supreme court "modified and modernized" the per se rule that minimal aerial intrusion constitutes a trespass. In *Leipske*, the court held that an owner was not absolutely liable for injury sustained when a horse named "Brownie" leaned its head over a fence and bit a child that was on school property. *Id.* at 89. Koenig suggests that "the only possible" explanation for the court's decision was that the horse was not a trespasser. We disagree.

¶10     The *Leipske* court explicitly "assume[d] that Brownie trespassed on school property when he reached over the fence, since the ownership of the space

above the land is vested in the owner of the surface beneath … and Brownie had no right to insert his head into that space." *Id.* The court nevertheless determined that an owner is "not liable for every conceivable damage which his trespassing animals may commit." *Id.* at 90. Rather, an owner "is liable only for the damages resulting from the natural propensities of his animals, and from such peculiar propensities of individual animals as have come to his attention." *Id.* Noting that there was no evidence that horses have a natural propensity to bite people, or that Brownie had such a propensity known to the owner, the court held there was no "absolute liability" for the bite. *Id.* at 91-92. Thus, although Brownie trespassed, the court determined his owner was not liable for the trespass under the circumstances of that case. *Id.* at 92. Based on our review of the facts and the law, we reject Koenig's "stepping over" contention and conclude the circuit court properly determined that Koenig's intrusion into the airspace above the Aldriches' property constituted a trespass.

¶11     Koenig also argues that the L-shaped fence is a private nuisance and, therefore, the circuit court erred by refusing to order its removal. WISCONSIN STAT. § 844.10 provides:

> Any fence, hedge or other structure in the nature of a fence unnecessarily exceeding 6 feet in height, *maliciously erected or maintained for the purpose of annoying the owners or occupants of adjoining property*, shall be deemed a private nuisance. However, nothing herein contained shall limit the right of a municipality to forbid the erection of a fence less than 6 feet in height.

(Emphasis added.)   Whether there is a legal basis for a nuisance claim is a question of law subject to our de novo review. *Stunkel v. Price Elec. Co-op.*, 229 Wis. 2d 664, 668, 599 N.W.2d 919 (Ct. App. 1999).

6

¶12     Koenig concedes that the fence is now no more than six feet high, but he argues it was maliciously erected and maintained for the purpose of annoying Koenig, thus constituting a nuisance.[3]  Specifically, Koenig asserts that the fence causes him "significant discomfort and annoyance," emotional harm, and "the physical inconvenience of having to drive to the county parcel."  We are not persuaded by these arguments.

¶13     The fence does not interfere with Koenig's use or enjoyment of his own property, and we are not convinced that the fence was maliciously erected or otherwise maintained to annoy Koenig.  Although Timothy Aldrich conceded at trial that he and Koenig do not like each other, Aldrich testified that the fence was erected to mark the property line and to keep trespassers out.  These purposes are, of course, proper ones.  It is reasonable to conclude that the fence was not maliciously erected or maintained for the purpose of annoying Koenig, when its installation was deemed by the Aldriches to be necessary to prevent trespassers from entering their property.  The fact that Koenig is annoyed because the fence prevents him from illegally trespassing on the Aldriches' property does not transform an otherwise legal fence into a nuisance.  Because the fence is not a private nuisance under the statute, the circuit court properly denied Koenig's request to order its removal.

---

[3] Although the fence height has been reduced to six feet, its height is not dispositive of the nuisance claim.  In *Schultz v. Trascher*, 2002 WI App 4, ¶30, 249 Wis. 2d 722, 640 N.W.2d 130 (2001), this court rejected an argument that a fence not exceeding six feet could not constitute a nuisance under the statute.  The *Schultz* court held that to accept this "argument of preclusion would be tantamount to reintroducing per se exclusions to the reasonable use doctrine for which we can find neither authority nor convincing reason." *Id.*

*By the Court*.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.